[979 NYS2d 73]

In the Matter of JULIAN D. RILEY (Admitted as JULIAN DENNIS RILEY, JR.), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 28, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Julian D. Riley*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Julian D. Riley was admitted to the practice of law in the State of New York by the First Judicial Department on June 16, 1997 under the name Julian Dennis Riley, Jr. At all times relevant to this proceeding, he maintained a law office within this Judicial Department.

In a previous order, this Court suspended respondent from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (ii) and (iii), based on substantial admissions under oath by respondent, and other uncontested evidence of respondent's professional misconduct threatening the public interest, establishing his misappropriation of funds from his IOLA account, writing IOLA account checks to "cash," and keeping inadequate records on the account (*see* 102 AD3d 109 [1st Dept 2012]).

The Departmental Disciplinary Committee (DDC) now moves pursuant to 22 NYCRR 603.11 for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys.

Respondent states in his affidavit of resignation, sworn to on October 16, 2013, that his resignation is submitted freely, voluntarily and without coercion or duress, that he is fully aware of the implications of submitting his resignation, and that he cannot successfully defend himself on the merits of the pending charges. He acknowledges that he is the subject of formal charges filed by the Committee that are currently pending regarding the foregoing alleged professional misconduct in relation to his IOLA account. Specifically, he acknowledges that he withdrew funds from his IOLA account to pay for personal expenses without the knowledge or permission of the owner of the funds, wrote checks to "cash" instead of a named payee, and knowingly provided false information to the DDC and testified falsely at his deposition in relation to those IOLA funds, to conceal his improper transactions, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and (e), and 8.4 (c) and (d). He also failed to maintain a ledger or other contemporaneous record of IOLA transactions, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d) (1) and (2). His affidavit of resignation therefore satisfies 22 NYCRR 603.11 (a) (1)-(3).

Accordingly, the Committee's motion should be granted and respondent's affidavit of resignation from the practice of law accepted, and his name stricken from the roll of attorneys effective nunc pro tunc to October 16, 2013.

TOM, J.P., MAZZARELLI, SAXE, DEGRASSE and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 16, 2013.